```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
EARLYN WALKER,

                        Plaintiff,         04-CV-6482 T(P)

             v.                            DECISION
                                           and ORDER
UNIVERSITY OF ROCHESTER,
STRONG MEMORIAL HOSPITAL,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Earlyn Walker ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17, claiming that she was discriminated against by her employer, the University of Rochester, Strong Memorial Hospital ("Defendant"), on the basis of her race. Specifically, Plaintiff, who is African-American, contends that Defendant retaliated against her for complaining of racial discrimination by refusing to place her in temporary secretarial positions.

Defendant denies Plaintiff's allegations and moves for summary judgment dismissing Plaintiff's complaint on grounds that Plaintiff has failed to establish a prima facie case of discrimination or retaliation. Defendant further contends that even if Plaintiff has stated a prima facie case of race discrimination, she has failed to rebut the Defendant's legitimate non-discriminatory reason for not placing her in more temporary secretarial positions.

For the reasons set forth below, I grant Defendant's motion for summary judgment and dismiss Plaintiff's Amended Complaint with prejudice.

## BACKGROUND

Plaintiff was employed by the University of Rochester's Lab for Laser Energetics ("Laser Lab") from 1999 through 2002. In February of 2002, Plaintiff was hired by Strong Staffing, a division of the University of Rochester ("University") which provides an in-house pool of temporary employees who are available to fill temporary vacancies in the University's departments. Plaintiff was hired as a "senior secretary," meaning that she was qualified to take top-level secretary positions, including positions at the Secretary III or Secretary IV levels. During 2002, Strong Staffing was able to place Plaintiff in temporary secretarial assignments for 43 weeks.

Plaintiff filed an administrative Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in November 2002, in which she alleged she had been subjected to a hostile work environment based on her race while employed at the Laser Lab. On January 13, 2003, the EEOC issued Plaintiff a Right to Sue letter. The EEOC found that only one incident of alleged discrimination was timely and further found no evidence to suggest that Plaintiff had been the victim of discrimination based on race. Plaintiff did not commence an action in federal court within 90

days of receiving the Right to Sue letter.[1]

Throughout 2003, Plaintiff received fewer assignments than she had in the previous year. Plaintiff filed a complaint with the New York State Division of Human Rights ("Division of Human Rights") on June 18, 2003, in which she alleged that Strong Staffing had failed to find her temporary assignments in 2003 in retaliation for her having filed the November 2002 charge of discrimination with the EEOC. On May 20, 2004, the Division of Human Rights dismissed Plaintiff's complaint with a "No Probable Cause" decision, having found that "there is no conclusive evidence to link the complainant's filing of a Notice of Claim against the respondent and her failure to get the temporary work assignments." On July 7, 2004, the EEOC adopted the Division of Human Rights' "No Probable Cause" dismissal and issued Plaintiff a Notice of Right to Sue letter. Plaintiff's last work through Strong Staffing was in March of 2004.

Plaintiff, proceeding pro se, timely filed the instant claim in federal district court on October 5, 2004. Plaintiff filed an Amended Complaint on November 23, 2004, in which she alleges that

---

[1] Plaintiff was required to file a federal suit no later than April 14, 2003 in order to comply with 42 U.S.C. § 2000e-5(f)(1) since she was issued a Right to Sue letter dated January 13, 2003. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (claimant has 90 days from receipt of the Right to Sue Letter to begin an action in federal court based on allegation contained in the EEOC charge); Laurey v. Chemung County Dep't of Soc. Servs., 327 F.Supp.2d 247, 249 (W.D.N.Y. 2004). In this case, there is no dispute that plaintiff did not file a law suit on or before the April 2003 date. Thus, the Court will not consider any allegations of discrimination relating to plaintiff's employment with the Laser Lab between 1999 and 2002 as the claim is time-barred. See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003).

the University violated the Title VII of the Civil Rights Act of 1964 when it retaliated against Plaintiff for filing a Charge with the EEOC in 2002.

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. See R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Annis v. County of Westchester, 136 F.3d 239, 247 (2d Cir. 1998). When the non-moving party is proceeding pro se, then the Court should read the pleadings "liberally and interpret them 'to raise the strongest arguments that they suggest.'" See Dolberry v. Levine, __ F.Supp.2d __, 2008 WL 2894632 (W.D.N.Y. 2008) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) and Burgos v. Hopkins, 14 F.3d 787,

790 (2d Cir.1994)).

Summary judgment dismissing an employment discrimination case is warranted only where a plaintiff cannot provide evidence to support an essential element of her claim. See Schnabel v. Abramson, 232 F.3d 83 (2d Cir. 2000); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998).

To defeat a motion for summary judgment, a plaintiff must rely on more than mere conclusory allegations that the discrimination occurred. See Fed. R. Civ. Proc. 56(e)(2). The plaintiff "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id. "Indeed, the salutary purposes of summary judgment--avoiding protracted, expensive and harassing trials--apply no less to discrimination cases than to commercial or other areas of litigation." See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).

**II. Plaintiff's Retaliation Claims**

Claims of employment discrimination, including retaliation discrimination, are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981), and St. Mary's Honor

Center v. Hicks, 509 U.S. 502 (1993). Under this framework, the plaintiff bears the burden of proving a prima facie case of discrimination.

In order to establish a prima facie case of retaliation the plaintiff must show that: (1) she engaged in a protected activity; (2) that her employer was aware of this activity; (3) that the employer has taken an action that adversely affected the employee; and (4) that there was a causal connection between the protected activity and the adverse employment action. See Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 608 (2d Cir. 2006); see also Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995). Although the Second Circuit has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis," Tomka, 66 F.3d at 1308 (internal citations omitted), the Second Circuit also has noted that "[a] jury cannot infer discrimination from thin air." See Norton v. Sam's Club, 145 F.3d 114 (2d Cir.), cert. denied 525 U.S. 1001 (1998).

If the plaintiff succeeds in stating a prima facie case of discrimination, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for the employment action. Should the defendant meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the

adverse employment action, but were a pretext for discrimination, and that discrimination was the real reason for the adverse employment action. See Texas Dep't of Community Affairs, 450 U.S. at 252-53; St. Mary's Honor Center, 509 U.S. at 502-06.

In the instant case, Plaintiff alleges that she was not placed in more temporary work assignments by Strong Staffing because she filed a discrimination charge with the EEOC. Although Plaintiff was placed in fewer temporary assignments in the year after she filed a discrimination charge with the EEOC in November 2002, I find that Plaintiff's complaints regarding Defendant's conduct fail to state a claim for discrimination based on her race or retaliation by defendant in response to her complaints.

    A.    Plaintiff has failed to state a prima facie case of retaliation.

I find that Plaintiff has not provided sufficient proof in support of each of the elements necessary to establish a prima facie case of retaliation. Plaintiff has demonstrated that she participated in a protected activity. She filed a charge of discrimination with the EEOC in November of 2002, charging that Defendant had discriminated against her because of race. However, Plaintiff has failed to demonstrate that Defendant was aware of her EEOC Charge before the alleged retaliation took place. Sylvia Seeley ("Seeley"), the Senior Human Resources Representative for Strong Staffing alleges that she first became aware of Plaintiff's EEOC Charge in December 2002, before the alleged retaliation took

place. See Aff. of Sylvia Seeley ¶ 13. However, she also alleges in her affidavit that she did not tell any other employees at Strong Staffing about Plaintiff's EEOC Charge. Id. ¶ 31. Plaintiff does not contend otherwise. Dina Henchen ("Henchen"), the Recruiter/Placement Counselor for Strong Staffing, alleges that she first became aware that Plaintiff had filed the charge with the EEOC in late 2003. See Aff. of Dina Henchen ¶¶ 36-37. Plaintiff contends that she told Dina Henchen of her EEOC complaint "on or about early 2003." See Pl.'s Aff. 8, ¶ 2.

Further, Plaintiff has failed to show that the hiring departments to which Plaintiff was referred by Henchen were not aware of the EEOC Charge. In fact, Defendant has submitted numerous affidavits showing that the personnel in these hiring departments were not aware of Plaintiff's EEOC Charge. See ¶ 5 of the Affs. of Pat Beaumont; Sandra Bucokovski; Julie Burkhart; Mary Ann Capuano; Darlene Cushman; Teri D'Agostino; Beverly Dollinger; Betty Dudman; Kelly Featherly; Dr. Susan Fisher; Terry Fisher; Tanya Henry; Barbara Hess-Klee; Judy Hughes; Kathleen Jensen; Lisa Lochner; Maria Mackin; Betty Oppenheimer; Melanie Page; Lucy Prytyskach; Michelle Rosipayla; Rita Simolo; Jackie Stevens. Plaintiff does not offer any evidence that the hiring departments were aware of her EEOC Charges when they decided not to hire her for open secretarial positions. Therefore, this Court finds that a genuine issue of material fact does not exist regarding whether or not Defendant was

aware of Plaintiff's EEOC Charge, which is a critical element to support a charge of retaliation.

The Court also finds that Plaintiff suffered an adverse employment action. After having been placed in temporary secretarial positions for 42 weeks in 2002, a reduced number of placements in 2003 could arguably amount to an adverse employment action. However, Plaintiff has not demonstrated that there was a causal connection between her filing an EEOC Charge against the defendant and the adverse employment action, nor has Plaintiff demonstrated that a genuine issue of material fact exists as to whether or not such a causal connection exists. Conclusory allegations in Plaintiff's own Affidavit, Statement of Facts, and Memorandum in Opposition to Defendant's Motion for Summary Judgment are not enough to meet her burden of proof and therefore survive a motion for summary judgment dismissing her claims. Where, as here, the party opposing summary judgment is proceeding pro se, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." See Corcoran v. New York Power Auth., 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding pro se does not otherwise relieve [the opposing party] from the usual requirements of summary judgment." See Fitzpatrick v. N.Y. Cornell Hosp., 2003 WL 102853 at *5 (S.D.N.Y.2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth

"concrete particulars" showing that a trial is needed. See <u>R.G. Group, Inc. v. Horn & Hardart Co.</u>, 751 F.2d 69, 77 (2d Cir.1984).

In an effort to fully address the shortcomings of Plaintiff's claim, I will consider the remaining two portions of the <u>McDonnell Douglas</u> burden shifting framework.

> B.   <u>Defendant has set forth a legitimate, non-discriminatory reason for not placing Plaintiff in more open positions</u>.

Defendant has met its burden of setting forth a legitimate, non-discriminatory reason for not placing Plaintiff in more temporary secretarial positions during 2003. Defendant alleges that in the first nine months of 2003, the demand for secretaries at Plaintiff's level was very low. <u>See</u> Seeley Aff. ¶ 14; Henchen Aff. ¶ 15. Defendant has provided evidence that other senior secretaries had difficulty securing placement during the same period in 2003 because of low demand. See id., ¶ 15. Defendant has also provided evidence that five other senior secretaries, who had not filed discrimination charges against Defendant, also went several months without an assignment during the same period. <u>See id.</u> Defendant claims to have referred Plaintiff to twelve Secretary IV positions and six Secretary III positions between January 2003 and September 2003. <u>See</u> Henchen Aff. ¶ 16. Defendant sets forth evidence showing that Plaintiff was not hired by those departments to which she was referred because she was less qualified than other candidates. See, e.g., Page Aff. ¶ 6 (attesting that she selected another candidate over Plaintiff for a secretarial position because the other

-10-

candidate had superior qualifications); Stevens Aff. ¶ 6 (attesting that she selected another candidate over Plaintiff for a secretarial position because Plaintiff did not have the requisite computer skills for the position).

Defendant has also provided evidence that Seeley suggested to Plaintiff, as she did to other employees, that she might improve her marketability by updating her resume and retaking the skills assessment test to improve her typing and computer skills scores. See Seeley Aff. ¶ 20. Plaintiff refused to follow the suggestion. See id. Plaintiff confirms that she did not take any courses or training to enhance her skills or employment marketability. See Pl.'s Aff. ¶ 14. Further, Defendant offers evidence that Plaintiff limited the number of positions available to her by choosing not to consider Secretary III positions. See, e.g., Henchen Aff. ¶ 18; Pl.'s Aff. ¶ 12.

Defendant also offers evidence that Plaintiff was not always available for placement by Strong Staffing. In April 2004, Plaintiff contacted Henchen to inform her that she was working for another temporary staffing agency and that she would be unavailable to work until the end of April. See Henchen Aff. ¶ 30. When Henchen called Plaintiff on May 7, 2004 to inform her of an opening, Plaintiff told Henchen that she was not interested because she was on a temporary assignment with another agency until June 1, 2004. See id., ¶ 31.

For these reasons, I find that Defendant has stated a legitimate, non-discriminatory reason for the employment actions. I further find that Plaintiff has not shown that a genuine issue of material fact exists regarding Defendant's proposed reasons for not placing her in more temporary secretarial positions.

C. <u>Plaintiff has failed to rebut Defendant's legitimate, non-discriminatory reasons for not placing Plaintiff in more open positions</u>.

Plaintiff has come forward with no evidence, beyond the conclusory allegations in her Affidavit, Statement of Facts, and Memorandum in Opposition to Defendant's Motion for Summary Judgment, suggesting that the decrease in the number of referrals made on her behalf and placements she received was related to her EEOC Charge. <u>See</u> <u>e.g.</u> <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 130 (2d Cir.1996) (plaintiff's personal belief regarding her own qualifications is inadequate to raise a triable issue of fact regarding motive of the employer for its employment action); <u>Viola v. Philips Med. Sys. of N.A.</u>, 42 F.3d 712, 718 (2d Cir.1994) (an employee's disagreement with an employer's negative performance evaluation is not enough to support a discrimination claim). Neither has Plaintiff presented enough evidence to show that a genuine issue of material exists regarding this matter. Plaintiff's theory that the decision to terminate her from Strong Staffing must have been made for a retaliatory purpose and/or reason, is not enough to overcome the Defendant's showing. <u>See</u> <u>Wado v. Xerox</u>

Corp., 991 F.Supp. 174, 197 (W.D.N.Y.1998), aff'd sub nom. Smith v. Xerox Corp., 196 F.3d 358 (2d Cir.1999); see also Meiri, 759 F.2d at 998 ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases."). For these reasons, I find that Plaintiff failed to meet her burden of proof in rebutting Defendant's legitimate, non-discriminatory reasons for not placing her in more temporary secretarial positions.

Viewing all of the evidence in the light most favorable to the plaintiff, and reading her pro se opposition to summary judgment to raise the strongest arguments on her behalf, I nonetheless, find that no rational jury could conclude that the Defendant's decision to terminate plaintiff was based on the Defendant's alleged retaliation against her for filing an EEOC charge. Therefore, the Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, I grant Defendant's motion for summary judgment, and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      s/Michael A. Telesca
                                      MICHAEL A. TELESCA
                                      United States District Judge

Dated:   Rochester, New York
        August 14, 2008